BARNES, J.,
for the Court:
¶ 1. Edward Lamont Neal was tried and convicted of armed robbery and aggravated assault in the Circuit Court of Lowndes County and sentenced as a habitual offender to terms of forty years and twenty years, respectively, in the custody of the Mississippi Department of Corrections (MDOC). Neal appeals his convictions and sentences, arguing that the trial court erred in denying his motion to suppress his statement given to police. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Neal, who was already in custody at the Lowndes County Jail for felony escape, was taken to the Columbus Police Department on January 24, 2007, to be charged for the armed robbery and aggravated assault of Samuel Livingston, and for the burglary of the home of Robert Peterson.[1] Neal was placed in an interview room and talked briefly with Lieutenant Wayne McLemore. Neal asked to speak with his attorney. Lieutenant McLemore left the room, sarcastically stating that he had a “little gift” for Neal. Lieutenant McLe-more returned, holding arrest warrants, and told Neal how much time Neal could expect from the charges. Neal stated that he understood, but proclaimed his innocence.
¶ 3. Neal was then taken down the hall to make an initial appearance before Judge Curtis Austin. After being formally charged for the three crimes, Neal was being taken back to the county jail. However, Neal spied Officer Eric Lewis and Commander John Pevey in a briefing room and asked to speak to Lewis. Neal and Lewis went into the briefing room and closed the door. Lewis was not aware of the facts concerning the crimes for which Neal was being charged. Although Lewis denied being told that Neal had invoked his right to counsel, Lieutenant McLemore later testified that he had advised Lewis that Neal had invoked his rights.
¶ 4. After speaking with Lewis, Neal got into a patrol car with Officer David Crid-dle. At that point, Neal said he wanted to talk; so Lieutenant McLemore and Officer Criddle returned with Neal to the police station and recorded their discussion with him. Since Neal had requested to talk to them, Office Criddle and Lieutenant McLemore simply sat and listened and did not ask any questions except to clarify when Neal gave them two different names. When Neal stopped talking, Criddle read him his Miranda[2] rights, and Neal waived his rights. Neal then told Officer Criddle and Lieutenant McLemore an account of how he, Paul Hargrove, and a girl named Brittany had conspired to rob Livingston. Neal’s statement was slightly different from the evidence at trial.
¶ 5. According to Livingston’s testimony at trial, he received a telephone call on December 8, 2006, from a young man, Neal, who stated that he was looking to rent a small house in Columbus. Livingston, who managed rental property, agreed to show a vacant house to Neal. Livingston *612 said he could meet Neal later that morning. Neal called Livingston a second time, claiming to be lost. Livingston refused to meet him at the mall, but agreed to meet him in the back of the Lowndes County Library in Columbus.
¶ 6. When Livingston arrived at the library, “a young black man” tapped on his passenger-sidé window. Neal got into Livingston’s truck, and Livingston told Neal that he would not be able to bring him back to the library. Neal told Livingston that he would ride with him, and his girlfriend would follow. At that point, Livingston noticed that Neal had a gun. Livingston opened his door and got out of the truck with the truck still in gear and rolling across the street. Neal got out and jumped into a waiting car.
¶7. Livingston got back into his truck and drove a few blocks until a car passed him and blocked his lane of traffic. Neal stepped out of the car and pointed a 12-gauge automatic shotgun at the windshield of Livingston’s vehicle. Livingston was then shot in both legs. Livingston testified that Neal shot him; Neal claimed that Hargrove was the shooter. Livingston drove off, but lost control of his truck and hit the porch of a building. Livingston crawled out of the truck and onto the porch, where he was able to call for help. Livingston, who was eighty-three at the time, spent thirteen days in the hospital before being released.
¶8. Neal initially denied any involvement with the crime and blamed Hargrove and Brittany. Neal was indicted by a Lowndes County grand jury for Count I, armed robbery; Count II, aggravated assault; and Count III, burglary. The indictment was later amended to charge him as a habitual offender. As previously noted, Neal was tried and convicted on the burglary charge in a separate proceeding.
¶ 9. Prior to trial, Neal filed a motion to suppress the taped statement that he gave to police. The trial court denied the motion. After a jury trial held November 15-17, 2010, Neal was convicted on both counts and sentenced as a habitual offender, without eligibility for parole or probation, to a term of forty years on Count I, and to a term of twenty years on Count II, to be served in the custody of the MDOC. Neal’s post-trial motion for a new trial and/or a judgment notwithstanding the verdict (JNOV) was denied. On appeal, we find no error in the circuit court’s denial of Neal’s motion to suppress and affirm the judgment.
STANDARD OF REVIEW
¶ 10. This Court has held:
In reviewing a trial court’s denial of a motion to suppress a confession, “we apply the familiar general rule that since the trial court sits as the fact-finder when determining the issue of whether an accused’s confession has been intelligently, knowingly and voluntarily given, we will only reverse the trial court’s determination of this issue when such determination is manifestly wrong.”
Pannell v. State, 7 So.3d 277, 281 (¶ 8) (Miss.Ct.App.2009) (quoting Glasper v. State, 914 So.2d 708, 716 (¶21) (Miss.2005)). Unless the trial court commits manifest error or applies an incorrect legal standard, or its decision to admit a defendant’s confession is contrary to the overwhelming weight of the evidence, we will not reverse the trial court’s ruling on appeal. Id. (citing Glasper, 914 So.2d at 716-17 (¶ 21)). “[A] confession is admissible only after the State has proven beyond a reasonable doubt that the accused’s confession was not the product of promises, threats or inducements.” Id. (quoting Glasper, 914 So.2d at 717 (¶ 21)).
*613 DISCUSSION
Whether the trial court erred by not suppressing the videotaped confession of the appellant.
¶ 11. Neal argues the trial court erred in denying his motion to suppress the confession that he gave to police officers. He contends his statement was involuntary and given without a knowing, voluntary, and intelligent waiver of his rights. Since Neal had requested counsel before he gave the statement, he contends that the police violated his constitutional rights when they continued to interrogate him without his attorney present. He argues that his waiver of rights was not effective because of repeated pressure by police.
¶ 12. The Mississippi Supreme Court has already decided the specific issue presented by Neal in this appeal. In Neal v. State, 57 So.3d 1271 (Miss.2011) {“Neal I ”), which concerned the appeal of Neal’s burglary conviction and sentence, the supreme court found no error in the trial court’s failure to suppress the confession Neal gave to Officer Criddle and Lieutenant MeLemore. As noted by the supreme court, Neal was in custody on felony escape charges at the time he made the request for an attorney. Id. at 1277 (¶ 16). “Had Neal been asked any questions regarding the offense of felony escape, his Sixth-Amendment right to counsel would have been violated, but he was not.” Id. The supreme court, citing the United States Supreme Court decision in United States v. Gouveia, 467 U.S. 180, 188, 104 S.Ct. 2292, 81 L.Ed.2d 146 (1984), stated that the Sixth Amendment right to counsel is “offense specific.” Neal I, 57 So.3d at 1278 (¶ 19).
¶ 13. Certainly, Neal had a Fifth Amendment right not to sign anything or to request to speak to an attorney. See id. at 1279 (¶21). However, prior to asking any questions, but not before Neal made statements concerning the charges against him, the officers read Neal his Miranda rights and had Neal sign a waiver of those rights.
¶ 14. In Neal I, the Mississippi Supreme Court concluded that the trial court followed the proper procedure in conducting a hearing on the admissibility of the confession, and the confession was “intelligently, knowingly, and voluntarily given and not the product of police threats, promises[,] or inducements.” See id. at 1280 (¶23) (citing Manix v. State, 895 So.2d 167, 180 (¶ 39) (Miss.2005)). The supreme court further found that “[t]he precise issue presented to the trial court for finding of fact was whether or not Neal initiated contact with the officers after having invoked his right [to counsel].” Id. at (¶ 28). The supreme court concluded that there was no basis for overruling the trial court’s finding that Neal had initiated the contact. Id. Therefore, “the trial court did not abuse its discretion in admitting the confession.” Id. at 1282 (¶ 32).
¶ 15. Accordingly, in the present case, we find no error in the admission of the confession into evidence and affirm the decision of the trial court.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY OF CONVICTIONS OF COUNT I, ARMED ROBBERY, AND COUNT II, AGGRAVATED ASSAULT, AND SENTENCES AS A HABITUAL OFFENDER OF FORTY YEARS IN COUNT I AND TWENTY YEARS IN COUNT II, WITH THE SENTENCES TO RUN CONSECUTIVELY, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, IS AFFIRMED. ALL COSTS OF THIS AP *614 PEAL ARE ASSESSED TO LOWNDES COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ„ CONCUR.

. Neal was tried and convicted on the burglary charge in a separate proceeding. The Mississippi Supreme Court affirmed Neal’s burglary conviction and sentence in Neal v. State, 57 So.3d 1271, 1283 (¶ 38) (Miss.2011) ("Neal I").

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).